IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABRAHAM GUTMANN, et al.,

    Plaintiffs,

vs.                                                           Civ. No. 96-1513 MV/WWD

DENNIS E. CAMPBELL, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant's New Mexico State Fair's Motion to Compel[1]. Defendant New Mexico State Fair raises questions in connection with Plaintiff Gutmann's responses to interrogatories numbered 3, 16, 22, 29, and 30, as well as the Green Party's discovery responses to interrogatories numbered 16, 17, 20, 22, 23, 24, and 25. Defendant also questions the responses made by Plaintiff Gutmann to requests for production numbered 1, 2, 5, 8, 14, and 28 as well as the Green Party's responses to requests for production numbered 3, 7, 8, 9, 10, 11, and 16. The motion to compel, which was served by mail on opposing counsel on September 17, 1997, contains the following sentence, to wit:

      The concurrence of opposing counsel has been sought and denied.

No response to the motion has been filed by the Plaintiff.[2]

---

    [1]Punctuation supplied by movant.

    [2]By hand delivered letter dated October 31, 1997, attorney John W. Boyd wrote directly to me about his "concern that the motion may have reached your desk as 'unopposed' when, in fact, it is an opposed motion." Mr. Boyd went on to state that he was "in the process of

1

DISCUSSION

No excuse is offered for the failure to respond to the instant motion. D.N.M. LR-Civ. 7.3(a)(4) states:

> The failure of a party to serve a response within the time prescribed in D.N.M. LR-Civ. 7.6 or the period to which all parties have otherwise agreed, constitutes consent that briefing is complete.

Under the circumstances presented here, I consider briefing to be complete. I will consider the objections raised by the Plaintiffs to interrogatory 3 and request for production 1. Defendants' failure to comply with the provisions of D.N.M. LR-Civ. 37.1 precludes consideration of any other interrogatories or requests for production.

With respect to interrogatory 3, Plaintiff Gutmann objects "that it is overbroad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence." Mr. Gutmann has claimed medically related damages such as emotional distress; accordingly, the inquiry is relevant and I find that it is not "overbroad, unduly burdensome, or oppressive."

Request for production 1 seeks to have a medical records release executed by Plaintiff Gutmann. No copy of the release accompanies the submission to the Court; accordingly, I am not in a position to rule on Plaintiff's objection that the release is "overbroad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence."

**WHEREFORE,**

---

preparing a motion to strike." No such motion has been received by the Court as of November 3, 1997.

2

**IT IS ORDERED** that on or before November 14, 1997, Plaintiff shall serve on Defendant New Mexico State Fair a full and complete answer to interrogatory no. 3 dealing with his medical and psychological history.

**IT IS FURTHER ORDERED** that in all other respects Defendant's New Mexico State Fair's Motion to Compel [docket 88] be, and it hereby is, DENIED.

_____
United States Magistrate Judge